[No. 29065.   Department Two.   August 26, 1943.]
J. L. MULLIN, JR., et al., *Appellants*, v. KING COUNTY et al., *Respondents*.[1]

*John W. Whitham,* for appellants.

*Lloyd Shorett* and *Wm. R. Bell,* for respondents.

ROBINSON, J.—This appeal may, and indeed must, be disposed of somewhat summarily, because the contentions of the parties revolve around matters and things which, for want of a satisfactory record, we cannot properly consider. The complaint filed against King county and Carroll Carter,

[1]Reported in 140 P. (2d) 789.

Treasurer, on February 3, 1943, is brief, and, omitting the introductory paragraph only, reads as follows:

"II. That the above named plaintiffs now are and for a long time hitherto have been the owners of certain real estate in King County, Washington, subject to taxes therein, which is more particularly described as follows: East 190.2 feet of north 315.19 feet of that portion of the south quarter of the northwest quarter of the southwest quarter, lying west of Empire Way, section 22, township 24 north, range 4 east, w.m., being one acre more or less.

"III. That the defendants claim, and assert an interest in and to the above described real estate adverse to plaintiffs; that the claims of defendants are without any right whatsoever as to ownership; that the defendants have not any estate, right, or title, or interest whatsoever in said land or premises, or in any part thereof, except certain taxes levied against it, which plaintiffs are willing to pay.

"IV. That plaintiff, J. L. Mullin, Jr., did on August 3d, 1937, join and ever since has been and now is in active service in the United States navy, serving in that branch of the armed forces of the United States.

"V. That any claim of defendants, or either of them, of any kind or nature, other than the claim of King County for unpaid taxes, would be and is in violation of an Act, cited as Soldiers' and Sailors' Civil Relief Act of 1940; approved by the War Department October 17, 1940.

"WHEREFORE, plaintiffs pray judgment: That defendants be required to set forth the nature of their claims; that all adverse claims of the defendants be determined by decree of this court and that by said decree it be declared and adjudged that plaintiffs are the owners of the said premises, with the appurtenances, therefore entitled to possession thereof and that the defendants have no estate or interest whatsoever to said land and premises and that defendants be forever barred from asserting any claim whatever in and to said premises adverse to plaintiffs, except taxes properly levied, and for such other and further relief as may be just and equitable."

The defendants interposed the following motion on February 9th:

"Come now the defendants above named and move the Court to dismiss the above entitled action for the reason that the complaint fails to allege any tender of taxes due

and delinquent and admittedly owing on the property set forth in the complaint."

On February 17th, the trial court entered an order which, omitting the introductory recitals, "This cause came on regularly in open Court upon the motion of the defendants, etc.," reads as follows:

"It is ORDERED, ADJUDGED AND DECREED that the above entitled action be and it is hereby dismissed for the reason that the plaintiffs' complaint fails to allege a tender of the taxes admittedly due and delinquent to the defendant, King County, on the real property described in the plaintiffs' complaint."

There is no statement of facts in the case, and the balance of the transcript filed by appellants consists only of the notice of appeal and cost bond.

The plaintiffs promptly appealed from the order of dismissal and served their opening briefs on April 16th. The respondents, evidently realizing that no basis for the entry of the order appeared in the record, attempted to supply one by filing a so-called supplemental transcript on April 30th. This includes two instruments, the first, a certified copy of a letter addressed to the attorneys representing the respective parties by the trial judge, under date of February 17th, and filed by someone in the clerk's office on that day. This states that the court will grant the motion to dismiss cause No. 341521 (this cause), because the previous day, in another cause between the same parties (No. 341288) involving the same real property, it had entered findings, conclusions of law, and judgment which rendered this cause moot, or, at all events, required the granting of the motion to dismiss on the ground alleged. The second instrument is a copy of the findings, conclusions, and judgment referred to in the letter. They show that the trial court did find, in a former case between the parties involving the same property involved in this, (1) that the plaintiffs never did have title to the property, and (2) that the county had acquired title to it.

The contention is made, based wholly on this so-called

supplemental transcript, that the trial court had judicial knowledge, from having tried cause No. 341288, that the county held the property involved through tax foreclosure, and, therefore, since Rem. Rev. Stat., § 955 [P. C. § 8074], provides that no action may be brought to recover any property sold for taxes, unless the plaintiff shall cause to be paid, or tender, all taxes, penalties, interest, costs, etc., the court rightly entered the order appealed from dismissing this action, because no tender was alleged.

The two cases were never consolidated, and the appellants have moved to strike the supplemental transcript. The motion must be granted.

■ The first instrument therein included purports to be nothing more than a letter from the trial judge to the attorneys in the case, and is not in any way unauthenticated. We could, perhaps, in the exercise of a wide liberality, treat it as a memorandum decision, but even then it could not be considered, since it has not been brought here as part of a statement of facts. *Brooks v. Hutchinson*, 165 Wash. 327, 5 P. (2d) 495.

■ Nor is the second instrument properly here. It is unnecessary to elaborate upon the proposition that, when a case has been tried to a conclusion in the superior court and the record therein made transferred, by appeal, to the jurisdiction of this court, an attorney in the case cannot supplement the record in this court by merely sending up a certified copy of a portion of the record *of some other case,* which is exactly what the second instrument in the so-called supplemental transcript is, and all that it is.

The case of *Regenvetter v. Ball*, 131 Wash. 155, 229 Pac. 321, in which it is stated, on page 167:

"The order granting a new trial here entered was an order entered *in the very cause on trial,* and could be judicially noticed by the trial judge, and it is the rule that any matter occurring at the trial which the trial court may judicially notice, this court, on the appeal of the cause may also judicially notice." (Italics ours.)

has no application.

The order appealed from, being based wholly upon the failure of the appellants to allege a tender of taxes, must be set aside, since, in the record on appeal, the so-called supplemental transcript being stricken, no reason whatever appears why such an allegation was required.

There was much discussion during the oral argument as to the application, if any, of the Federal soldiers' and sailors' relief act of 1940. In this discussion, the appellants also went outside the record. In the record of this cause, as it now stands, there are no facts which call for, or would warrant, an expression of opinion as to that matter.

The judgment of dismissal is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.

SIMPSON, C. J., BEALS, BLAKE, and GRADY, JJ., concur.